Case 4:23-cv-04293   Document 55   Filed on 12/06/24 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
December 06, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTT EDWARD PALMER, a/k/a KENNETH EDWARD SPENCE, | § § § § | |
| *Petitioner*, | § § | |
| v. | § § | CIVIL ACTION NO. H-23-4293 |
| BOBBY LUMPKIN, | § § § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed a habeas petition under 28 U.S.C. § 2254 challenging the loss of good time and work credits following his parole revocation in 2021. Pending before the Court are respondent's motion to dismiss based on limitations (Docket Entry No. 10), to which petitioner filed a response in opposition (Docket Entry No. 15), and petitioner's motion to lift stay (Docket Entry No. 52).

Having considered the petition, the motion to dismiss, the response, the motion to lift stay, matters of public record, and the applicable law, the Court **GRANTS** the motion to lift stay, **LIFTS** the stay, **GRANTS** the motion to dismiss, and **DISMISSES** this case for the reasons shown below.

**I. BACKGROUND AND CLAIMS**

Petitioner was convicted of arson in 1993 and sentenced to a twenty-year term of incarceration; of theft in 1994 and sentenced to a forty-year term of incarceration, enhanced

by two prior felony convictions; of impersonating a public servant in 2020 and sentenced to a six-year term of incarceration; and for fraudulent use or possession of identifying information in 2020 and sentenced to a six-year term of incarceration. Petitioner brings this action in context of his 1994 Harris County theft conviction and enhanced forty-year sentence in *State v. Palmer*, Cause No. 580,171 in the 351st District Court of Harris County, Texas.

Petitioner was released to parole on December 18, 2000, and parole was subsequently revoked on August 11, 2021. He states that, on August 17, 2021, he received a prison time credit slip showing that his 1,854 days of previously accrued pre-parole good time and work credits were forfeited due to the parole revocation.

Petitioner alleges that he submitted a time credit dispute resolution ("TDR") to prison officials on February 14, 2022, contesting the forfeiture. He states that prison officials did not respond, and that the TDR was deemed denied by operation of law in August 2022. Petitioner's application for state habeas relief as to the loss of credits, filed with the state trial court in May 2023, was denied by the Texas Court of Criminal Appeals on August 23, 2023. *In re Scott Edward Palmer*, WR-38,165-05.[1] Petitioner filed the instant habeas petition under section 2254 no earlier than November 3, 2023.

---

[1] The state trial court expressly found that state law required the forfeiture of petitioner's accrued good time credits upon revocation of parole. (Docket Entry No. 11-14, p. 134.)

Petitioner claims in the instant petition that his good time and work credits were arbitrarily and unlawfully forfeited. Specifically, he complains that the forfeiture denied him due process and equal protection under the law, and that his certificate of parole, executed in 2000, did not inform him that parole revocation would result in loss of accrued good time and work credits. Petitioner does not challenge his underlying conviction or the parole revocation. He seeks as judicial relief reinstatement of the 1,854 days of forfeited good time and work credits.

Respondent filed the pending motion to dismiss, arguing that petitioner's habeas claims are barred by limitations. In response, petitioner argued that his claims were actually brought pursuant to 28 U.S.C. § 2241, which has no governing statute of limitations, and moved for leave to amend his petition as one brought pursuant to section 2241. He did not deny that his section 2254 claims were barred by limitations. In his motion to amend, petitioner also sought to amend his claim to seek reinstatement of not 1,854 days of good time and work credits, but *17 years, 11 months, and 15 days* of accrued pre-parole good time and work credits allegedly forfeited by his parole revocation. He argued that reinstatement of the credits would entitle him to immediate mandatory supervised release.[2]

---

[2]The state court record shows that petitioner did not forfeit 17 years, 11 months, and 15 days of accrued pre-parole good time and work credits following his parole revocation. To the contrary, he forfeited 17 years, 11 months, and 15 days of *calendar street time* – the actual duration of his release to parole prior to its revocation. (Docket Entry No. 10-3, pp. 3–4.) Petitioner did not claim on state collateral review, and does not claim in this federal action, that his calendar street time was unlawfully forfeited by virtue of his parole revocation.

3

The Court denied petitioner's motion to amend, and denied his subsequent motions to expedite, for summary judgment, and for emergency release to mandatory supervision. Petitioner pursued an appeal of those interlocutory rulings, and the Court ordered the case stayed and abated pending disposition of the appeal. The United States Court of Appeals for the Fifth Circuit dismissed petitioner's appeal on October 29, 2024, for his failure to comply with certificate of appealability requirements, and denied his two applications for writs of mandamus on October 31, 2024. Petitioner's motion for reconsideration of the dismissal was denied on November 5, 2024.

## II. ANALYSIS

Respondent argues that the instant federal habeas petition is barred by limitations and should be dismissed.

Petitioner's federal habeas petition is governed by the limitations provisions appearing in 28 U.S.C. § 2244(d), which provide as follows:

> (d)(l) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(l)–(2). As an initial consideration, the record does not indicate that any unconstitutional "State action" prevented petitioner from filing for federal habeas relief prior to the end of the limitation period. *See* 28 U.S.C. § 2244(d)(1)(B). Nor do his claims concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C). Moreover, petitioner is not challenging his state conviction. *See* 28 U.S.C. § 2244(d)(1)(A).

For parole revocation proceedings and the resultant forfeiture of time credits, the limitations period begins, at the latest, "when the petitioner is returned to custody after a parole revocation because inmates should know that their sentence is recalculated when they are returned to prison." *Roy v. Lumpkin*, No. 2:23-CV-00054, 2024 WL 36010, at *2 (S.D. Tex. Jan. 3, 2024) (citing cases) (citations omitted); *see also Heiser v. Johnson*, 263 F.3d 162, 2001 WL 803542, at *2 (5th Cir. 2001) ("Heiser knew of the facts surrounding the revocation of his mandatory supervision and the forfeiture of his accrued good conduct

5

credits at least by the date his supervision was revoked on February 11, 1998. Accordingly, we conclude that under § 2244(d)(1)(D) the statute of limitations on Heiser's claim began running on that date."). Regardless, petitioner acknowledges in his petition that he knew as of August 17, 2021, that his pre-parole accrued good time and work credits had been forfeited upon his return to prison. Consequently, under a conservative factual application, petitioner's one-year limitation commenced on August 17, 2021, and expired one year later, on August 17, 2022.

Petitioner states that he submitted his TDR to prison officials on February 14, 2022; at that point in time, 181 days had expired – and 184 days remained – on the one-year limitations "clock." Because no action was taken on the TDR, it expired by law 180 days later on August 15, 2022, thereby tolling limitations for 180 days and extending petitioner's federal deadline to February 15, 2023.

Petitioner signed his underlying application for state habeas relief on May 16, 2023, *after* expiration of the federal one-year statute of limitations, and the state habeas proceeding had no federal statutory tolling effect. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, the instant federal habeas petition, filed on November 3, 2023, is untimely by nearly nine months.

Petitioner did not argue in his response to the motion to dismiss that his section 2254 petition was timely filed, nor did he allege any grounds for application of equitable tolling.

Consequently, the instant federal habeas petition is barred by the applicable one-year statute of limitations and will be dismissed with prejudice.

### III. CONCLUSION

For the above reasons, petitioner's motion to lift the stay (Docket Entry No. 52) is **GRANTED** and the **STAY IS LIFTED**. Respondent's motion to dismiss (Docket Entry No. 10) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. Any and all pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 6th day of December, 2024.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE